### Nolan *v.* McArthur *et al.*

(Division A.   May 3, 1937.)

[174 So. 242.   No. 32728.]

**J. M. Morse**, of Poplarville, for appellant.

**Parker & Shivers**, of Poplarville, for appellees.

Cook, J., delivered the opinion of the court.

On the 14th day of November, 1931, the appellant, Mrs. Clara W. Nolan, borrowed from the appellee the sum of $3,542.63, payable six months after date, and secured the same by a deed of trust on real estate. No part of this indebtedness was paid, and the appellee was required to pay the taxes and insurance on the property covered by the deed of trust; and, on April 10, 1935, at a time when the indebtedness—then amounting to about $5,000—was long past due, the trustee in the deed of trust, at the request of appellee, advertised the property for sale under the terms of the deed of trust.

Thereafter the appellant enjoined the sale under the provisions of the moratorium law then in force, being chapter 247, Laws of 1934. Appellee answered the bill of complaint and set up that, by reason of the accumulation of interest and the payment by him of the taxes and insurance on the property, the indebtedness had been increased to approximately $5,000, and that nothing had ever been paid on the indebtedness, although it was several years past due, and prayed that the court should fix a reasonable rental value of the property, as provided under section 4, chapter 247, Laws of 1934, and require the appellant to pay the same toward the payment of taxes, insurance, and interest on the mortgage debt, at such times and in such manner as appeared to the court to be under the circumstances reasonable and equitable.

On the 22nd day of October, 1935, by agreement of the parties, a decree was entered by the court fixing the sum of $20 per month as a reasonable amount to be paid by the appellant to appellee, to be applied toward the payment of taxes and insurance on the property, and the interest accruing on the indebtedness, the payments to be made on the fifteenth day of each month thereafter.

On the 13th day of January, 1936, appellee filed a petition averring that no payments had been made in

accordance with the requirements of the former decree of the court and that additional taxes and insurance premiums on the property were due, and praying that the injunction be dissolved and the appellee authorized to proceed with the sale of the property under the terms of the deed of trust. There was no final action on this petition until the following October, when a final decree was entered adjudging that the appellant had failed to comply with the terms of the former decree fixing the reasonable monthly payment to be made and that more than sixty days had elapsed since any payment had been made, and dissolving the injunction and finally dismissing the cause. From this decree, this appeal was prosecuted, and a reversal is sought on the sole ground that the court erred in not ordering a sale of the property under the direction of the court instead of dismissing the cause and remitting the appellee to the remedy of a foreclosure in pais.

Section 4 of chapter 247, Laws of 1934, provides for fixing reasonable carrying charges to be paid to the mortgagee upon the stay of foreclosure proceedings, and section 5 of said act provides that, "If the mortgagor or owner of the mortgaged premises, or other interested person for whose relief this statute is enacted, shall make default in the carrying charge payments, or any of them, required in the order mentioned in the foregoing section, or shall commit any waste, his or her right to a further postponement of a final sale shall terminate thirty days after such default, and the mortgagee or trustee or other persons having the right to foreclose, shall thereupon be entitled to apply to the court in term time or vacation for a final decree of sale upon a satisfactory showing to the court that the default aforesaid has occurred."

This provision terminating the right of a mortgagor to a further postponement of a sale of the mortgaged property after default of thirty days in the payment of the fixed carrying charges, and entitling the mortgagee

to a final decree of sale upon a satisfactory showing that such default has occurred, is for the benefit of the mortgagee alone; but it does not require that he shall avail of his rights under the mortgage or deed of trust by a sale in the court proceedings. Upon the proper showing of default in the payment of the fixed carrying charges, the injunction staying the foreclosure should be dissolved, and if the proceedings have been initiated by the mortgagee, owner, holder, or trustee, by a bill in chancery, he may abandon the effort to foreclose by dismissing the bill of complaint, or he may apply for a final decree of sale of the mortgaged property. After a mortgagor who has availed of the benefits of this act by enjoining a foreclosure in pais has been in default for more than thirty days in the payment of the fixed carrying charges, his rights under the act are ended; and upon the dissolution of the injunction after such default, the mortgagee may apply for a final decree of sale of the mortgaged premises, or he may apply for a dismissal of the bill of complaint, thereby remitting him to his right to foreclosure in pais. The prayer of the mortgagee's petition herein was that he be authorized and permitted to proceed with the sale in accordance with the terms of the deed of trust, and no error was committed in finally dismissing the bill of complaint.

Affirmed.